UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAGAZINE PUBLISHERS' SERVICE, INC.,

          Plaintiff,

vs.                             Case No. 2:11-cv-442-FtM-29SPC

NAM MARKETING OF FL GULF COAST,
INC., JOHN BLALOCK,

          Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction and Supporting Memorandum of Law (Doc. #18) filed on September 21, 2011. No opposition has been filed, and the time to respond has expired.

**I.**

Plaintiff, Magazine Publishers' Service, Inc. ("MPS" or plaintiff), is a corporation engaged in the business of selling magazine subscriptions. Defendant, Nam Marketing of Fl Gulf Coast, Inc. ("NAM" or defendant), is a competitor of MPS. John Blalock, the President of NAM, is also named as a defendant.

MPS alleges that NAM improperly obtained its proprietary information, including customer names, account numbers, credit card numbers, magazines the customers subscribe to, and other personal information. Defendants allegedly used this information to contact MPS customers claiming to be, or represent, MPS. NAM purportedly suggested that the customers change their current accounts from 30

monthly payments to 20 monthly payments, with an adjustment of monthly payments from $33.70 to $49.40. According to the callers, the change in monthly payments would save the customers money. Plaintiff alleges that NAM attempted to have MPS's customers change their payment plans in order to switch the customers' accounts from MPS to NAM.

Plaintiff filed a five-count Complaint (Doc. # 1) alleging Tortious Interference with Contract (Count I), Misappropriation of Trade Secrets (Count II), Conversion (Count III), violation of Florida Statute 501.204 (Count IV), and violation of the Telemarketing and Consumer Fraud and Abuse Prevention Act (Count V)[1].

As to the instant motion, plaintiff seeks a preliminary injunction against NAM, together with its agents, officers, and employees prohibiting them from: (1) contacting, soliciting, charging, or recruiting any MPS customers; (2) using, selling, or disseminating any of MPS's customers' personal information, account numbers, credit card numbers, names, addresses, telephone numbers, or any other private proprietary information obtained from MPS; and (3) destroying any and all records and documents in NAM's possession and control that reveal the names and telephone numbers

---

[1] The Court notes that the complaint only contains five (5) counts. However, plaintiff mistakenly labeled the fifth count as Count VI.

of each and every MPS customer that was contacted by NAM. (Doc. # 18).

**II.**

In the Eleventh Circuit, issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries [the] burden of persuasion on each of [four] prerequisites." SunTrust Bank v. Houghton Mifflin Co., 268 F.3d 1257(11th Cir. 2001). See also McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is granted; and (4) an injunction would not harm or do a disservice to the public interest. Winter v. Natural Defense Council, 129 S. Ct. 365, 374, ___ U.S. ___ (2008); SunTrust Bank, 252 F.3d at 1166; American Red Cross v. Palm Beach Blood Bank, 143 F.3d 1407, 1410 (11th Cir. 1998); Gold Coast Publications, Inc. v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994). The burden of persuasion for each of the four requirements is upon the movant. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).

**III.**

In support of its motion, plaintiff provided affidavits of its General Manager, Pat Ward (Doc. # 18-1, Exh. A), and one of its

customers, Leesa Engler (Doc. # 18-2, Exh. B). Ward's affidavit alleges that "on or about July 13, 2011, MPS started receiving complaints from customers in which they reported that they had been contacted by NAM pretending to be MPS, and that NAM had their personal MPS account, credit card, and magazine subscription information." (R. Doc. 18-1, Exh. A, ¶ 6.) Ward's affidavit does not indicate how the customers determined that it was NAM, rather than MPS, who made the alleged phone calls. Ward's affidavit merely alleges that NAM made the phone calls, but provides no evidence that establishes defendant was the responsible party.

Engler's affidavit fails to shed light on the subject. Engler's affidavit does not indicate the entity that contacted her. Instead, she attests that she received a telephone call from a person who represented themselves as MPS. (Doc. # 18-22, ¶ 2.) Engler later discovered that her credit card had been charged for her magazine subscription by an entity other than MPS. Id. at ¶ 8. Her affidavit does not identify the entity. As such, Engler's affidavit fails to allege, much less establish, that NAM was the responsible party for the telephone calls.

The Court recognizes that plaintiff's complaint alleges that customers called with complaints that they had received telephone calls from individuals "falsely claiming to be or represent MPS" (Doc. # 1, ¶ 13). However, neither affidavit provided by the

plaintiff supports this allegation.  Because a preliminary injunction is an extraordinary remedy, the Court declines to the grant the motion based on these affidavits.

As such, plaintiff has failed to demonstrate a substantial likelihood of success on the merits because it has not established that NAM is responsible for the alleged telephone calls.  Failure to prove one of the factors for a preliminary injunction is fatal. United States v. Jefferson Cnty 720 F.2d 1511, 1519 (11th Cir. 1983); Canal Authority of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974)[2].  Because plaintiff has not demonstrated a substantial likelihood of success on the merits, the Court need not address the other factors necessary for the issuance of a preliminary injunction.

Furthermore, the Court notes that the preliminary injunction requested by MPS seeks, among other requests, to enjoin NAM from destroying records that indicate that it has contacted MPS's customers.  The Eleventh Circuit has repeatedly held that "obey the law" injunctions are unenforceable.  See, e.g., Florida Ass'n of Rehab. Facilities, Inc. v. State of Florida Dept. of Health and Rehabilitative Servs., 225 F.3d 1208, 1222-1223 (2000); Burton v. City of Belle Glade, 178 F.3d 1175, 1200 (11th Cir. 1999).

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Defendants are already bound by a legal duty not to destroy evidence and any willful destruction of evidence will be dealt with appropriately by the Court.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Preliminary Injunction and Supporting Memorandum of Law (Doc. #18) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of October, 2011.

                                 JOHN E. STEELE
                                 United States District Judge

Copies:
Counsel of record